UNITED STATES, Appellee

v

PHILIP W. GOGUEN, Private, U. S. Army, Appellant

20 USCMA 527, 43 CMR 367

No. 23,588

April 30, 1971

*Captain Libero Marinelli, Jr.,* argued the cause for Appellant, Accused. With him on the brief were *Colonel George J. McCartin, Jr.,* and *Captain Bernard J. Casey.*

*Captain Merle F. Wilberding* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway, Captain John F. Cooney, Jr.,* and *Captain John C. Lenahan.*

## Opinion of the Court

QUINN, Chief Judge:

In June 1969, a general court-martial convicted the accused of disobedience of an order "to put on a proper military uniform" and unauthorized absence in violation of Articles 90 and 86, Uniform Code of Military Justice, 10 USC §§ 890 and 886, respectively, and adjudged a sentence of a bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for twelve months. Thereafter, a rehearing on the sentence, which was directed by the convening authority, resulted in modification of the forfeitures and reduction of the period of confinement to six months. On October 14, 1969, before the convening authority acted on the record of the rehearing, the United States District Court for the District of New Jersey issued a writ of *habeas corpus* directing the accused's discharge from custody of the United States Army on the ground that the Secretary of the Army had improperly denied the accused's application for discharge as a conscientious objector.[1] Goguen v Clifford, 304 F Supp 958 (D NJ) (1969). Although the District Court's order provided for a stay to accord the Government the opportunity to defer compliance until it could obtain appellate review, the Government took no action in that proceeding. Instead, the convening authority approved the court-martial conviction and forwarded the record of trial to the United States Army Court of Military Review for further review. Ten days later, and apparently in compliance with the order of the District Court, the accused was, as noted by the Court of Military Review, "released from custody and control of the United States Army." Subsequently, the Court of Military Review reviewed the court-martial record; it affirmed the findings of guilty, but modified the sentence to eliminate the bad-conduct discharge.

On this appeal, the accused challenges both the jurisdiction of the court-martial to try him for the offenses in issue and the right of the Army to continue the court-martial proceedings after the expiration of the stay in the order of the United States District Court. As to the latter, the Government contends that, inasmuch as the court-martial proceedings were in progress before the United States District Court issued its decree, the Army retained jurisdiction to complete appellate review and to establish the finality of the conviction. See United States v Speller, 8 USCMA 363, 24 CMR 173 (1957); Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 11d.

Although proceedings in the United States District Court were instituted before the court-martial trial, the court was fully informed of the on-going court-martial proceedings before it promulgated its decree. In an opinion accompanying its order, the court noted that if the court-martial continued its ordinary course, the accused would be liable to confinement at hard labor until the end of November 1969. The court determined that the accused was not required to exhaust his "remedies within the Army process" as a condition to *habeas corpus* relief, and it concluded that the accused was entitled to relief to the extent of being discharged "from the custody of the respondents." Since discharge from custody could not be effective if the accused remained in confinement until the end of November, the clear im-

---

[1] At the court-martial trial, the accused moved to dismiss the charges because the Secretary of the Army had illegally denied his application for discharge as a conscientious objector. The law officer denied the motion because he believed he had no power "to redetermine the administrative correctness" of the Secretary's decision, but, at the sentence rehearing, he indicated that, had he "been in a position to assess" the accused's application, he "would have granted" it. Cf. United States v Noyd, 18 USCMA 483, 40 CMR 195 (1969).

port of the order was to terminate all military authority over the accused, including the exaction of the penalties to which he was subject by reason of the incomplete court-martial proceedings. It has been suggested that the United States District Court relied upon an erroneous principle of law (see United States v Welsh, 398 US 333, 26 L Ed 2d 308, 90 S Ct 1792 (1970)), and it is arguable that it should not have intruded into the pending court-martial proceedings (see Younger v Harris, 400 US 37, 27 L Ed 2d 669, 91 S Ct 746 (1971)), especially since there was, as the division of opinion in the Court of Military Review indicates, a substantial factual question as to the relationship between the order violated by the accused and his application for dis-charge as a conscientious objector. See United States v Noyd, 18 USCMA 483, 489, 40 CMR 195 (1969). However, the Government elected not to appeal from the order of the United States District Court, and that order became final and conclusive upon it. Consequently, when the Army released the accused from its custody, it was bound to terminate the court-martial proceedings pending against him.

The decision of the United States Army Court of Military Review is reversed. The findings of guilty and the sentence are set aside, and the charges are ordered dismissed.

Judge FERGUSON and Judge DARDEN concur.