UNITED STATES, Appellee

v

WAYNE MELVIN LOGEMANN, Hospitalman Recruit, U. S.
Navy, Appellant

No. 27,174

December 14, 1973

*Lieutenant H. Neil Broder,* JAGC, USNR, argued the cause for Appellant,
Accused.

*Lieutenant Thomas L. Earp,* JAGC, USNR, argued the cause for Appellee,
United States. With him on the brief was *Lieutenant Colonel G. L. Bailey,*
USMC.

## OPINION OF THE COURT

DARDEN, Chief Judge:

After the Navy denied his application for discharge as a conscientious objector, the accused decided he would serve no longer and disobeyed the order of a superior noncommissioned officer to "go to work." A special court-martial convicted the accused of this offense. After the conviction, a United States District Court granted the accused a writ of habeas corpus, holding: (1) that the accused's discharge application had been denied without a basis in fact, and (2) that the Navy failed to follow the procedures outlined in its own regulations. *Logemann v Laird,* 346 F Supp 686 (ED Pa 1972). After the U. S. Navy Court of Military Review affirmed the findings and sentence, the United States Court of Appeals for the Third Circuit denied an appeal on the issue of whether the District Court should have stayed its writ of habeas corpus pending completion of the court-martial process. The decision was not appealed to the Supreme Court of the United States. In response to the

writ of habeas corpus, the Navy discharged the accused on July 9, 1973. The object of our review is to decide whether the accused's court-martial conviction should be set aside and the charge dismissed as a consequence of this final writ of habeas being granted by the United States District Court.

Appellate defense counsel rely on Parisi v Davidson, 405 US 34 (1972), and our decision in United States v Goguen, 20 USCMA 527, 43 CMR 367 (1971). *Goguen* is similar in many ways to the case at bar. In that case, a United States District Court issued a writ of habeas corpus ordering Goguen's release from the Army because the court found an improper denial of Goguen's application for discharge as a conscientious objector. The Government did not appeal the district court's decision and Goguen was discharged. We held that in those circumstances the Army should have ended the court-martial proceedings instead of permitting them to continue through appellate review. We found that

the clear import of the order was to

**22 USCMA 525**

terminate all military authority over the accused, including the exaction of the penalties to which he was subject by reason of the incomplete court-martial proceedings.

*Id.* at 528–29, 43 CMR at 368–69.

The Government would have us reach a different result here because, unlike *Goguen,* in which the convening authority had not acted at the time the writ of habeas corpus became final, the Navy Court of Military Review in this case promulgated its decision more than a month before the accused's writ of habeas corpus became final. According to the Government's argument, no further review of the accused's case was required, and its judgment became final under Articles 71 and 76, Uniform Code of Military Justice, 10 USC §§ 871 and 876. This contention is that our discretionary review of this "final judgment" had occurred only because the accused elected to petition this Court for review of his case under Article 67(b), UCMJ, 10 USC § 867(b). Although we are willing to reexamine the *Goguen* decision, as the Government urges, in light of Parisi v Davidson, supra, we agree with the defense that the present case should not be distinguished from *Goguen* on the sequence of events or because this accused was not finally discharged for some time after the finality of the writ of habeas corpus affecting him.[1]

In Parisi v Davidson, supra, the Supreme Court held that on a habeas corpus petition alleging erroneous denial of a discharge for conscientious objection, a district court was not required to defer its action until completion of a court-martial for an Army member's disobedience of an order to board a plane for Vietnam. But the Court also indicated that in such circumstances a district court should "give careful consideration to the appropriate demands of comity in effectuating its habeas corpus decree." *Id.* at 46. A footnote in the *Parisi* case also stated that the respondents acknowledged that the court-martial charge was invalid if the administrative denial of the conscientious objector claim had no basis in fact. The same footnote hypothesized a court-martial for larceny as possibly justifying a district court's conditioning an order of discharge based on a conscientious objection claim upon the completion of the court-martial for larceny and the service of any sentence imposed.

The *Parisi* opinion also indicates that the question whether wrongful denial of conscientious objector status may be raised as a defense against various types of military charges "must remain with the military courts, as they exercise their special function of administering military law." *Id.* at 44 n. 13. In United States v Lenox, 21 USCMA 314, 319, 45 CMR 88, 93 (1972), a majority of this Court declared that:

Action by the Secretary of a military department on [an application for discharge as a conscientious objector] . . . even if erroneous, does not operate to end the obligation of a member of the armed forces to obey orders that are otherwise lawful.

. . . . .

After the Secretary . . . has denied an accused's application for discharge from military service as a conscientious objector and when no application for discharge as a conscientious objector was pending on the date of the alleged offenses, a claim of error in the Secretary's decision cannot be interposed as a defense to charges of missing movement and willful disobedience of a lawful order.

We are unsure of the effect on the *Parisi* decision of the concession by the respondents that an unlawful Secretarial denial of a conscientious objection claim invalidated the court-martial charge for failing to obey an order to board an aircraft for Vietnam. The instant case includes no such concession. The Government argues that this footnote 15 comment in *Parisi* was a product of the

---

[1] In any event, Article 76, UCMJ, 10 USC § 876, provides that the judgment of a court-martial is not final and binding until completion of "[t]he appellate review of records of trial provided by this chapter." This necessarily includes action by this Court on the timely petition filed by the accused.

Government's concession that under military law such a defense would be available to Parisi in his court-martial proceeding. See United States v Noyd, 18 USCMA 483, 40 CMR 195 (1969). Since the concession was based on a view of military law that United States v Lenox, supra, rejected, appellate Government counsel argue that the footnote in *Parisi* was not intended to express a legal proposition. They also suggest that since footnote 13 in the same opinion states that the court-martial proceedings and the habeas action could proceed concurrently if the *Noyd* defense were not available, footnote 15 was meant only to point out the consequences of the Government's concession.

Are *Lenox* and *Goguen* inconsistent? *Lenox* holds that the *Noyd* defense is not available in a court-martial for disobedience. If we give effect to a later district court writ of habeas corpus in a way that dismisses a court-martial conviction for disobedience, the result is that the writ of habeas corpus has been given effect in a manner that retroactively applies the *Noyd* defense. This leads the Government to argue that the *Goguen* decision impairs morale and discipline because it permits a person who has been found guilty of disobedience or disrespect to be exculpated if a district court later holds that the administrative action on his discharge was erroneous.

We have no difficulty in understanding that morale and discipline suffer if a widespread impression exists that a member of the armed forces can be disobedient or disrespectful without being punished. Still, a person who disobeys orders after a denial of his discharge application is risking a great deal on the outcome of his petition for a writ of habeas corpus. If the petition is denied, he may be convicted by courts-martial, and, if he has already been convicted, the conviction may be affirmed on appeal. A person who is considering disobe-

dience because he believes his discharge as a conscientious objector has been wrongfully denied and is willing to risk the consequences of a court-martial is unlikely to be influenced by thoughts of whether the record of such a court-martial conviction will survive a district court's later action on a petition for habeas corpus. On the other hand, if the habeas petition is granted and the member is discharged in compliance with the writ, we would expect only a slight deterrent effect on other members of the armed forces from continuance of military appellate jurisdiction when its practical effect is only to preserve a record of a conviction.

Our preference is for the principle that where a person feels aggrieved by action he considers unlawful he should seek his remedy through lawful means and not through disobedience of military law. United States v Lenox, supra. At the same time, unless a valid military reason exists to support a different result, we believe that in circumstances such as those we now face, the military appellate system like the Article III courts should "give careful consideration to the appropriate demands of comity." United States v Parisi, supra at 46. We are unconvinced that expunging the record of court-martial conviction in a case such as this would have an unacceptable impact on military discipline. Considering the need to respect the actions of Article III courts, we believe the correct result is to abate the military criminal proceedings against the accused. United States v Goguen, supra; cf. United States v Speller, 8 USCMA 363, 24 CMR 173 (1957).

The decision of the U. S. Navy Court of Military Review is reversed. The findings of guilty and the sentence are set aside and the charge and its specification are ordered dismissed.

Judges QUINN and DUNCAN concur.