## UNITED STATES, Appellee

v

## BRUCE M. ASHLEY, First Lieutenant, U. S. Air Force, Appellant

No. 27,956

June 14, 1974

*William H. Allison, Jr.,* Esquire, argued the cause for Appellant, Accused. With him on the brief were *Colonel William E. Cordingly* and *Lieutenant Colonel James LaBar.*

*Colonel C. F. Bennett* argued the cause for Appellee, United States.

### OPINION OF THE COURT

QUINN, Judge:

We granted review to consider whether proceedings in the United States District Court required abatement of court-martial proceedings against the accused on two specifications of willful disobedience of orders.

A second application by the accused, a medical doctor, for separation from the service on the ground that he was a conscientious objector was denied. The reason for the denial was that the application was based on the same matter as had been presented in the first application. The accused then applied to a United States District Court for relief, contending that the second application for separation was different from the first. The District Court passed an order providing for grant of a writ of habeas corpus "unless the Secretary of the Air Force . . . completes the processing of petitioner's second application in accordance" with regulations, and "either grants . . . an honorable discharge" or denies the application; if the application was denied, a written statement of reasons was to be filed with the court. Later, the District Court denied a motion by the accused to stay the court-martial proceedings pending against him. The court indicated that the duties required of the accused as a doctor did not conflict with his asserted scruples against war. The court further observed that, in effect, the accused was seeking "to become the sole arbiter of what duties he shall and shall not perform as a doctor." The order was not before this Court at the time of our grant of review.

On the basis of the information now before us, it clearly appears that no order of the United States District Court is inconsistent with the court-martial proceedings against the accused, and no order of the court directed accused's final discharge from the Air Force. *Cf.*

United States v Goguen, 20 USCMA 527, 43 CMR 367 (1971). The accused contends that the action on his application for separation as a conscientious objector taken by the Secretary of the Air Force is "in direct and continued violation" of the District Court's order. If that be true, relief against the terms of the Secretary's action lies with the District Court. As to the conviction before us, there was no impediment to the exercise of court-martial jurisdiction over him, as in the *Goguen* case, and no prejudicial error in the proceedings against him.

The decision of the Court of Military Review is affirmed.

Chief Judge DUNCAN and Senior Judge FERGUSON concur.