UNITED STATES, Appellee,

v.

Ronald C. KUSKIE, Lieutenant (j. g.), U. S. Navy, Appellant.

No. 39,733.

NCM 80 1090.

U. S. Court of Military Appeals.

July 13, 1981.

For Appellant: *Captain E. A. Burnette*, USMC (argued).

For Appellee: *Lieutenant Colonel A. P. Tokarz*, USMC (argued).

Opinion of the Court

FLETCHER, Judge:

The appellant was found guilty, in accordance with his pleas, of larceny of $13,-598 from the United States, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. On December 19, 1979, he was sentenced to dismissal from the service, confinement at hard labor for 1 year, a fine of $15,000 and additional confinement up to 1 year until the fine is paid. In accordance with a pretrial agreement, the general court-martial convening authority approved only so much of the sentence as provided for dismissal from the service, confinement at hard labor for 1 year and a fine of $5,000.00. This action was taken on February 19, 1980.

On June 18, 1980, the appellant's court-martial was submitted to the United States Navy Court of Military Review. The appellant asserted before that court that his sentence was inappropriately severe in view of his alcoholism, prior service and lack of assets to pay the fine. On July 29, 1980, the Court of Military Review affirmed the findings of guilty and the approved sentence.

On September 5, 1980, the appellant's petition for review was filed with this Court. Rule 15, Rules of Practice and Procedure, United States Court of Military Appeals [hereafter C.M.A.R.P.]. He generally challenged the decision of the Court of Military Review as incorrect. Without specific assignment of error, his appellate counsel filed a supplementary petition for review

with this Court on October 9, 1980. C.M.A. R.P. 18. On November 24, 1980, this Court denied the appellant's petition for review.

On December 18, 1980, appellate defense counsel moved that this Court set aside the findings and sentence in this case because of the death of the appellant. C.M.A.R.P. 28. He stated that the appellant died on October 24, 1980, before this Court had acted on his petition for review. Appended papers indicate that on November 20, 1980, the Commander, Naval Base, Norfolk, Virginia, sent a letter to the Officer in Charge, Navy Appellate Review Activity, notifying him of appellant's death. They also indicate that this letter was received at the Naval Appellate Review Activity on November 24, 1980, the same day as our denial order in this case.

The Government opposes the motion of appellate defense counsel to set aside the findings of guilty and sentence in the present case because of the death of Lieutenant Kuskie. First, the Government asserts that the case was final on November 24, 1980, and this Court is now without jurisdiction to act on this motion. *See* Article 76, UCMJ, 10 U.S.C. § 876. Second, citing the opinion of the Supreme Court in *Dove v. United States,* 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976), it asserts that the appellant was not denied any appeal as a matter of right in this case and therefore his conviction should stand. Third, the Government notes that this Court denied appellant's petition for review without knowing of his death, and therefore he suffered no prejudice in the exercise of his appellate rights. Finally, the Government asserts that third-party punishment considerations are not relevant to our disposition in this case and in any event, the military's concern for accurate records of service requires that this conviction stand. We disagree.

Article 67, UCMJ, 10 U.S.C. § 867, states that this "court may prescribe its own rules of procedure." Pursuant to this grant of authority, C.M.A.R.P. 29 was promulgated by this Court to permit a Petition for Reconsideration, Modification or Rehearing of any order, decision or opinion of this Court within 10 days of our action. Moreover, C.M.A.R.P. 31 was promulgated by this Court to permit suspension of the requirements of these rules where good cause is shown. *See* Fed.R.App. P. 2. In the present case, the belated notification of appellate authorities in Washington D. C., constitutes good cause to permit this late petition. Nothing stated in Article 76 is inconsistent with such standard appellate practice. *See* Fed.R.App.P. 40(a).

The Government next asserts that a petition for review filed with this Court by a military accused under Article 67(b) should be equated with a petition for a writ of certiorari filed with the Supreme Court under 28 U.S.C. 1254(1). *See* Moyer, *Justice and the Military,* § 2–795. It notes that if a defendant dies while his petition for writ of certiorari is pending before the Supreme Court, the petition alone is dismissed and no action is taken regarding the conviction. *Dove v. United States, supra.* Accordingly, the Government argues that the same result should obtain in the present case and this motion should be denied.

It is true that this Court has referred to itself as "the supreme court of the military judicial system." *McPhail v. United States,* 1 M.J. 457, 462 (C.M.A. 1976). Such a characterization [1] in itself, however, is not sufficient to equate a military accused's right to petition this Court for review with a petition for certiorari to the Supreme Court. Such an equation ignores the substantial differences in statutory language between Article 67(b)(3) and 28 U.S.C. 1254(1).[2] *See*

---

1. *See* Willis, *The United States Court of Military Appeals—"Born Again,"* 52 Ind.L.J. 151, 153 (1976); Willis, *The United States Court of Military Appeals: Its Origin, Operation and Future,* 55 Mil.L.Rev. 39, 49 (1972).

2. Article 67(b), Uniform Code of Military Justice, 10 U.S.C. § 867(b):

The Court of Military Appeals shall review the record in—

. . . . .

(3) all cases reviewed by a Court of Military Review in which, upon petition of the accused and on good cause shown, the Court of Military Appeals has granted a review.

28 U.S.C. 1254(1):

28 U.S.C. 1291. Moreover, it is indifferent to the critical role this Court plays in the direct review of courts-martial (*Noyd v. Bond*, 395 U.S. 683, 694, 89 S.Ct. 1876, 1882, 23 L.Ed.2d 631 (1969)) as the court of last resort in the military justice system. *Schlesinger v. Councilman*, 420 U.S. 738, 751, 95 S.Ct. 1300, 1309, 43 L.Ed.2d 591 (1975).[3] Such distinctions are central to a proper understanding of the *Dove* decision. *United States v. Pauline*, 625 F.2d 684 (5th Cir. 1980); *see Disposition of a Federal Criminal Case When Defendant Dies Pending Appeal*, 13 U.Mich.J.L.Ref. 143, 147–48 (Fall 1979). Moreover, in cases decided by this Court since *Dove v. United States, supra*, we have not adopted this approach to the deceased-appellant situation. *See United States v. Flannigan*, 6 M.J. 157 (C.M.A. 1978); *United States v. Day*, 5 M.J. 998 (C.M.A. 1976); *United States v. Johnson*, 3 M.J. 391 (C.M.A. 1977). The government's argument on this point is not persuasive.

The Government next asserts that Lieutenant Kuskie was not prejudiced in the exercise of his appeal rights as a result of his death. Article 59(a), UCMJ, 10 U.S.C. § 859(a). It notes that the appellant pleaded guilty, assigned a single error (concerning severity of the sentence) which was rejected by the Court of Military Review, and summarily contended the lower court erred without specific assignment of error from him or his counsel. It also observes that this Court denied his petition for review.

While such an argument may have some merit in the present case, the Government offers no authority for carving out such an exception to the general rule for deceased appellants. Moreover, the Government ignores larger considerations of criminal law at stake in this case, *i.e.*, that the goals of criminal law—incapacitation, rehabilitation, retribution and deterrence—would not be furthered by upholding the deceased's conviction. *See* 13 U.Mich.J.L.Ref. at 144. Finally, the Uniform Code of Military Justice acts *in personam*, not *in rem*, and our jurisdiction[4] became questionable on October 24, 1980, when the appellant died. *See United States v. Dunne*, 173 F. 254 (9th Cir. 1909).

The Government finally asserts that the appellant's conviction should stand regardless of his death in order that his military record accurately reflects the true nature of his service and disservice. He notes that such information will then be available to administrative agencies for various independent determinations based on the character of his military service. In this way, he argues, the sacrifices of those who honorably died for their country in battle will not be degraded, nor will the appellant's survivors receive benefits they would not otherwise have obtained.

 We conclude on close examination that such a highly emotional argument is most inappropriate in the present case. It is well established that general and special courts-martial are not convened for administrative purposes but rather "to adjudicate charges of criminal violations of military law." *Parisi v. Davidson*, 405 U.S. 34, 42, 92 S.Ct. 815, 820, 31 L.Ed.2d 17 (1972); *see Middendorf v. Henry*, 425 U.S. 25, 31–32, 96 S.Ct. 1281, 1285–1286, 47 L.Ed.2d 556 (1976). Accordingly, we are not disposed to decide this question on the basis of the collateral administrative ramifications of our decision or perceived inequities stemming therefrom which are conjured up by the Government. Moreover, it is a fundamental principle of criminal law that its object is to punish the criminal and not his family. *See United States v. Pomeroy*, 152 F. 279 (C.C. S.D. N.Y. 1907), *rev'd sub nom. United States v. New York Cent. & H.R.R. Co.*, 164 F. 324 (2d Cir. 1908); *United States v. Beck*, 38 C.M.R.

---

Cases in the courts of appeals may be reviewed by the Supreme Court by the following methods:

 (1) By writ of certiorari granted upon the petition of any party to any civil or criminal case, before or after rendition of judgment or decree.

**3.** 55 Mil.L.Rev. at 63–71.

**4.** *United States v. Goguen*, 20 U.S.C.M.A. 527, 43 C.M.R. 367 (1971). *Cf. United States v. Maze*, 21 U.S.C.M.A. 260, 45 C.M.R. 34 (1972); *United States v. Sippel*, 4 U.S.C.M.A. 50, 15 C.M.R. 50 (1954).

765 (N.B.R. 1968). The semantics of the government's argument can not obfuscate the obvious fact that the appellant's family will directly bear the brunt of a decision affirming this conviction. *See* 13 U.Mich.J. L.Ref. at 148, 154.

Our order of November 24, 1980, is vacated. The motion of appellate defense counsel is granted and the proceedings against the appellant are abated. All rights, privileges and property of which appellant has been deprived by virtue of the findings of guilty and the sentence are hereby ordered restored. The record of trial is returned to the Judge Advocate General of the navy for appropriate action.

Chief Judge EVERETT concurs.

COOK, Judge (dissenting):

This Court can act only on issues of law. The accused presented a Petition for Grant of Review alleging no error and this Court's review of the record disclosed no error. Accused's death did not automatically terminate the Court's power to grant or deny his petition, and nothing done by the Government impeded the defense in the filing of a timely notice of death. I perceive no justification, therefore, to recall our order of denial after the time for reconsideration passed. Nor does the majority's representation that "substantial differences" exist between the United States Supreme Court's certiorari authority and this Court's petition for grant of review authority impress me as reason to disregard the Supreme Court's decision in *Dove v. United States,* 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976). Whatever the differences between the two proceedings, their substantive nature as a *permissive* appeal is the same. I agree with the Government that, under *Dove,* the completed proceedings should stand.