UNITED STATES

v.

Jerry G. McKENZIE, Yeoman Third
Class, U.S. Coast Guard.

CGCMS 23851.
Docket No. 889.

U.S. Coast Guard Court of
Military Review.

12 Feb. 1987.

Military Judge: CDR Paul M. Blayney,
USCG.

Trial Counsel: LCDR Joseph F. Ahern,
USCG.

Defense Counsel: LT Edward L. Ristai-
no, USCG.

Appellate Government Counsel: LCDR
Joseph F. Ahern, USCG, LCDR Thomas J.
Donlon, USCG.

Appellate Defense Counsel: LT Edward
L. Ristaino, USCG, LCDR Robert Bruce,
USCG.

ON RECONSIDERATION OF THIS
COURT'S DECISION OF 2
DECEMBER 1986

BAUM, Chief Judge:

On 2 December 1986, this Court is-
sued a Per Curiam decision summarily re-
jecting appellant's asserted errors and af-
firming the findings of guilty and sentence
as approved below. Subsequently, on 21
January 1987, appellate defense counsel,
having received information that appellant
had been killed in an automobile accident
on 27 December 1986, moved for leave to
file a motion for reconsideration out of
time, the period for appellate defense's fil-
ing for reconsideration having expired on
26 December 1986 under Rule 19 of the
Courts of Military Review Rules of Prac-
tice and Procedure. Since no petition for

grant of review had been filed with the U.S. Court of Military Appeals and the time for filing a petition for review by that Court had not expired, extension of the time limit for filing a motion for reconsideration before this Court was permitted under Rule 19(d). Accordingly, appellate defense counsel's motion for leave to file out of time was granted on 27 January 1987, as was his motion for reconsideration of our earlier decision. The kind of jurisdictional questions dealt with by the Army Court of Military Review in *U.S. v. Roettger*, 16 M.J. 536 (A.C.M.R.1983) were resolved by the Court of Military Appeals in their review of those issues, *U.S. v. Roettger*, 17 M.J. 453 (C.M.A.1984), and, therefore, need not concern this Court.

On 30 January 1987, appellate defense counsel filed a motion with this Court to abate the proceedings *ab initio* due to the death of appellant, citing *U.S. v. Roettger, supra*, *U.S. v. Kuskie*, 11 M.J. 253 (C.M.A.1981) and *U.S. v. Beck*, 38 C.M.R. 765 (N.B.R.1968). In support of that motion, a Florida Certificate of Death was submitted reflecting appellant's death on 27 December 1986 as a consequence of a motor vehicle collision. The course of action taken in *U.S. v. Beck, supra*, for abating criminal proceedings in the military, upon the death of the accused, has been cited with approval by the U.S. Court of Military Appeals in *U.S. v. Roettger, su-*

*pra*, and *U.S. v. Kuskie, supra* and followed summarily by restoration of all rights, privileges and property of which the accused has been deprived by virtue of the findings of guilty and sentence. *U.S. v. Anderson*, 19 M.J. 295 (C.M.A.1985), *U.S. v. Flannigan*, 6 M.J. 157 (C.M.A.1978); *U.S. v. Day*, 5 M.J. 998 (C.M.A.1976); *U.S. v. Johnson*, 3 M.J. 391 (C.M.A.1977). Accordingly, consistent with the action taken in those cited cases and in this Court's unpublished order in *U.S. v. Galiano*, CGCMS 982 (13 May 1984 CGCMR), the motion to abate the proceedings *ab initio* is hereby granted on the basis of appellant's death on 27 December 1986. Upon reconsideration, our decision of 2 December 1986 is vacated. The findings and sentence are set aside and the charges are dismissed. All rights, privileges and property of which appellant has been deprived by virtue of the findings of guilty and sentence that have been set aside are hereby restored.

Judges BRIDGMAN, BURGESS, GRACE and JOSEPHSON concur.