UNITED STATES

v.

Eric W. FOSTER, 559 13 0776, Boatswain's Mate Seaman Apprentice (E–2), U.S. Naval Reserve.

NMCM 87 1653C.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 9 March 1987.

Decided 7 Oct. 1988.

LT TERESA A. McPALMER, JAGC, USNR, Appellate Defense Counsel.

Capt THOMAS D. MILLER, USMC, Appellate Government Counsel.

En Banc.

COUGHLIN, Senior Judge:

Appellant was tried by special court-martial on 9 March 1987, before military judge alone, for violating Articles 86 and 112a of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886 and 912a, respectively. After entering mixed pleas, appellant was found not guilty of one specification alleging a violation of Article 86, UCMJ, but was found guilty of two specifications alleging violations of Article 112a, UCMJ. Appellant was sentenced to confinement for 25 days, to forfeit $100.00 pay per month for one month and to be discharged from the Naval Service with a bad-conduct discharge. The convening authority approved the sentence as adjudged.

On 30 June 1987, this Court affirmed the findings of guilty and the sentence as approved on review below, *United States v. Foster*, No. 87 1653 (NMCMR 30 June 1987), and a copy of this decision was served on appellate defense counsel the same day. The appellant was mailed a copy of this Court's decision on 30 July 1987.[1] Then, on 30 August 1987, the appellant died, without having filed a petition for review with the United States Court of Military Appeals. Upon learning of the appellant's death, the appellate defense counsel, on 26 May 1988, petitioned this Court to reconsider its earlier decision and moved to abate these proceedings and set aside the findings of guilty and the sentence. After deciding to hear the appellant's petition for reconsideration *en banc*, we specified the following issue:

> WHETHER THIS COURT HAS JURISDICTION TO CONSIDER THE PETITION IN LIGHT OF THE TIME LIMITS OF RECONSIDERATION IMPOSED BY RULE 19 OF THE COURTS OF MILITARY REVIEW RULES OF PRACTICE AND PROCEDURE, OR WHETHER THE PETITION SHOULD BE FILED WITH THE COURT OF MILITARY APPEALS?

We conclude, as did both appellate counsel in their briefs submitted in response to

---

1. It is not known from the record whether the appellant was ever actually notified of this Court's decision, either through his appellate defense counsel or by receipt of this Court's decision.

the specified issue, that this Court can reconsider its prior decision, pursuant to Rule 19, Courts of Military Review Rules of Practice and Procedure (CMR Rules).

Rule 19, CMR Rules, authorizes this Court to reconsider its decision in any case upon a motion made by either appellate counsel which is filed within 20 days after service of the decision on appellate defense counsel or upon its own motion within 30 days after such service.[2] Either of these two periods may be extended for good cause shown,[3] but such an extension may not exceed the 60–day time period allotted for filing a petition for review with the United States Court of Military Appeals.[4]

The time for the appellant to have filed a petition for review in the United States Court of Military Appeals would have expired on 28 September 1987, which is 60 days from the date appellant was mailed a copy of this Court's decision. Consequently, the last day this Court normally could reconsider its decision, after factoring in the allowable extension of time for good cause shown, would also have been 28 September 1987. We hold, however, that appellant's death on 30 August 1987, tolled the running of the time period in which this Court could still exercise its jurisdiction.

Accordingly, since the applicable time period above was tolled as of the date of the appellant's death, and since no petition or certificate of review has been filed with the United States Court of Military Appeals, this Court has not been divested of its jurisdiction to reconsider its prior decision of 30 June 1987. Thus, this Court may properly hear the appellant's petition for reconsideration, filed on 26 May 1988, pursuant to its jurisdiction as set forth in Rule 19, CMR Rules, even though the petition was filed well beyond the normal time period to file such a petition had the appellant's death not occurred.

In exercising our jurisdiction to hear and consider the appellate defense counsel's petition for reconsideration, we hereby abate these proceedings and set aside the findings of guilty and the sentence approved below. *See United States v. Anderson,* 19 M.J. 295 (C.M.A.1985) (summary disposition) and *United States v. Kuskie,* 11 M.J. 253 (C.M.A.1981). All charges and specifications are dismissed. All rights, privileges, and property of which the appellant may have been deprived shall be restored.

Chief Judge BYRNE, Senior Judge RILEY, Judges MIELCZARSKI, ALBERTSON, JONES, STRICKLAND and RUBENS concur.

---

**2.** This Court, however, would have been divested of its jurisdiction, even during these time periods, if a petition for grant of review or a certificate of review had been filed with the United States Court of Military Appeals. Rule 19(a), CMR Rules. *United States v. Brandt,* 3 M.J. 959 (NCMR 1977) (citing *United States v. Sparks,* 5 U.S.C.M.A. 453, 18 C.M.R. 77 (1955)).

**3.** Rules 19(d), 24 and 25, CMR Rules.

**4.** Rule 19(a), Court of Military Appeals Rules of Practice and Procedure, provides in pertinent part that a petition for grant of review by the United States Court of Military Appeals shall be filed not later than 60 days from the earlier of (A) the date on which the appellant is notified of this Court's decision; or (B) the date on which a copy of this Court's decision is deposited in the United States mails for delivery to the appellant.