UNITED STATES

v.

**Brandon T. RIBAUDO, Private (E-1), U.S. Marine Corps.**

NMCCA 200301672.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 20 Feb. 2003.

Decided 16 Sept. 2004.

6. *See United States v. Williams,* 55 M.J. 302, 305 (C.A.A.F.2001).

LCDR Brent Filbert, JAGC, USNR, Appellate Defense Counsel.

Maj J. Ed Christiansen, USMC, Appellate Defense Counsel.

LT Frank Gatto, JAGC, USNR, Appellate Government Counsel.

CARVER, Senior Judge:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of unauthorized absence, wrongfully using marijuana, and two specifications of breaking restriction, in violation of Articles 86, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a, and 934. The appellant was sentenced to a bad-conduct discharge, confinement for 100 days, and forfeiture of $766.00 pay per month for 3 months. Pursuant to a pretrial agreement, the convening authority approved the sentence as adjudged, but suspended all confinement over 75 days.

We affirmed the findings and sentence in an unpublished opinion. *United States v. Ribaudo*, No. 200301672, unpublished op.

(N.M.Ct.Crim.App. 4 Dec 2003). The appellant's appellate defense counsel (ADC) was served with the decision on the same day it was issued. The appellant died 12 days after the date of our decision while he was on appellate leave. A copy of our decision was sent to the appellant by certified mail on 10 January 2004. Neither the appellant nor his ADC requested reconsideration before our court or filed a petition for a grant of review to the Court of Appeals for the Armed Forces (CAAF). Our opinion became final on 30 April 2004 with the issuance of the supplemental court-martial order that ordered the punitive discharge into execution.

On behalf of the deceased appellant, the ADC filed a motion to vacate [1] the final judgment and set aside the findings and sentence on 4 June 2004. We have carefully considered the record of trial, the ADC's motion, the Government's opposition to the motion, and the ADC's reply brief. We deny the ADC's motion to abate.

### Jurisdiction

The Government asserts that we do not have jurisdiction to decide this motion because the appellant did not file a request for reconsideration within the 60–day time limit (as extended) established by Rule 19, Courts of Criminal Appeals Rules of Practice and Procedure, 44 M.J. LXXI (1996). This time limit runs concurrently with the 60–day time limit in which to file a petition for a grant of review with the United States Court of Appeals for the Armed Forces (C.A.A.F. RULE 19(a)).

█ We previously held that the death of an appellant, within the time limit in which to file a request for reconsideration and in the absence of the filing of a petition for a grant of review or a certificate of review before the CAAF, tolled the time limit such that we retained jurisdiction to decide the motion to abate. *United States v. Foster*, 27 M.J. 659, 660 (N.M.C.M.R.1988)(en banc). The Government argues that our decision in *Foster* was incorrect since CCA Rule 19(d) expressly forbids the extension of the reconsideration time limit by CCA Rule 24 (time limits may be extended as required for a full, fair,

and expeditious consideration) or CCA Rule 25 (the requirements or provisions of the rules may be suspended for good cause).

In *Foster*, we acknowledged that the time limit of 60 days for reconsideration could not be extended under CCA Rules 24 or 25. Instead, we held that the "appellant's death . . . *tolled* the running of the time period in which this Court could still exercise its jurisdiction." *Id.* (emphasis added). After careful review, we continue to adhere to our earlier ruling that the death of the appellant tolls the time limit under CCA Rule 19. Thus, we hold that we have jurisdiction to rule on this motion.

We also note that, under the facts of this case, the ADC could have instead filed the motion to abate with the CAAF. In *United States v. Rorie*, 58 M.J. 399, 400 (C.A.A.F. 2003), the Government conceded that the CAAF had jurisdiction to decide the motion for abatement where the appellant died 57 days after constructive service of the decision by the United States Army Court of Criminal Appeals that affirmed the findings and sentence.

█ We conclude that when an appellant dies within the period of time during which a petition for review could be timely filed by the appellant's ADC with the CAAF without filing a request for reconsideration to us and without the filing of a petition for a grant of review or a certificate or review to the CAAF, this court and the CAAF have concurrent jurisdiction to decide a motion for abatement. The ADC could properly file a motion to abate before either court.

### Abatement

█ The appellant requests that we abate the proceedings as we did under similar facts in *Foster*. We decline to do so.

In *Foster*, as in this case, the appellant died after the date of our decision, but before the time limit for reconsideration had expired, without filing a motion for reconsideration with our court or a petition for a grant of review before the CAAF. In *Foster*, we granted the motion to abate, citing *United*

---

1. We will refer to and treat this request as a Motion to Abate the Proceedings Ab Initio.

*States v. Anderson,* 19 M.J. 295 (C.M.A.1985)(summary disposition) and *United States v. Kuskie,* 11 M.J. 253 (C.M.A. 1981).

But, in *Rorie,* under very similar facts, our superior court overruled *Kuskie* and declined to abate the proceedings. The CAAF adopted the policy of the Supreme Court to reject abatement when an appellant dies while petitioning for a writ of certiorari. "When an appellant dies pending an Article 67(a)(3) appellate review by this Court, we will dismiss or deny the petition but will not abate the action ab initio." *Rorie,* 58 M.J. at 407.

The CAAF noted that, despite the Supreme Court's decision, the Federal Circuit Courts of Appeal have unanimously followed a policy of abatement when a criminal defendant dies before the completion of appellate review, "largely on the basis that an appeal to the circuit court is a matter of right, whereas certiorari is discretionary review before the Supreme Court." *Id.* at 402. "We believe that the initial review by a Court of Criminal Appeals provides a military defendant with a substantive legal and factual review." *Id.* at 404.

The CAAF allowed the service Courts of Criminal Appeals to decide upon their own abatement policy. "In view of our conclusion that an appeal to the Courts of Criminal Appeals is an appeal of right, we leave to those courts or the Judge Advocates General to establish the parameters of a policy of abatement in the event that an appellant dies pending review at a Court of Criminal Appeals." *Id.* at 407. As noted above, we hold that an appellant who dies within the period of time during which a petition for review could be timely filed with the CAAF, without

action that would divest our court of jurisdiction, is still pending review before our court.

▇ We hold that, since appeal to our court is a matter of right for those cases that meet the criteria under Article 66, UCMJ, 10 U.S.C. § 866, we will follow the unanimous policy of the Federal Circuit Courts of Appeal to abate *ab initio* the conviction of an appellant who dies on or before the date of our decision.[2] On the other hand, we hold that once our decision has been rendered, the appellant has received the appeal of right mandated by Article 66, UCMJ. Reconsideration is clearly a discretionary matter for which the appellant has no absolute right.

▇ We therefore hold that where an appellant dies after the date of our decision but within the period of time during which a petition for review would be timely filed with the CAAF, without action to divest our court of jurisdiction, a request for abatement will be denied. To the extent that *Foster* holds otherwise, it is overruled.

### Conclusion

Accordingly, the motion to abate the final judgment is denied.

Chief Judge DORMAN, Senior Judge RITTER, Senior Judge PRICE, Judge SCOVEL, Judge HEALEY, Judge SUSZAN, Judge HARRIS, Judge WAGNER, and Judge REDCLIFF concur.

---

2. If the decision was published, it may still be cited as authority, but with the notation that the decision was vacated on other grounds.