UNITED STATES, Appellee,

v.

Private First Class Allen H. ROBINSON, United States Army, Appellant.

ARMY 20030456.

U.S. Army Court of Criminal Appeals.

28 Feb. 2005.

For Appellant: Colonel Mark Cremin, JA; Lieutenant Colonel Mark Tellitocci, JA; Major Sean S. Park, JA; Captain Jeremy W. Robinson, JA (on brief).

For Appellee: Colonel Steven T. Salata, JA; Lieutenant Colonel Mark L. Johnson, JA; Lieutenant Colonel Theresa A. Gallagher, JA; Captain Mason S. Weiss, JA (on brief).

Before CHAPMAN, Senior Judge, HARVEY, Senior Judge, and SCHENCK, Appellate Military Judge.

## OPINION OF THE COURT ON RECONSIDERATION

SCHENCK, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of negligent dereliction of duty and aggravated assault, in violation of Articles 92 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 928 [hereinafter UCMJ]. Appellant was sentenced to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, reduction to Private E1, and a reprimand. The convening authority approved the adjudged sentence except for the bad-conduct discharge.

We affirmed the findings of guilty and the sentence in our initial review of the case under Article 66, UCMJ, 10 U.S.C. § 866. This case is before the court for reconsideration. We agree with appellate counsel that the findings and sentence should be abated *ab initio* [1] due to appellant's death prior to our initial decision.

---

1. "If granted, abatement [*ab initio*] has the effect of 'eliminating or nullifying' the proceeding or conviction [from inception] 'for a reason unrelated to the merits' of the case." *United States v. Rorie*, 58 M.J. 399, 400 (C.A.A.F.2003) (quoting *Black's Law Dictionary* 2 (7th ed.1999)). One of the many reasons set forth to support abatement *ab initio* is that "[d]eath arguably disrupts appellate adjudication and may leave an unreviewed conviction that is unsound, unlawful, or unjust." *Id.* at 401; *see also* John H. Derrick, *Abatement Effects of Accused's Death Before Appellate Re-*

## Background

On 28 December 2002, appellant and a member of his squad, Specialist (SPC) V, were getting ready to return with their unit to Fort Bragg after serving in Kandahar, Afghanistan, for six months. Appellant and SPC V were close friends and SPC V was going to be the best man at appellant's wedding. Appellant, SPC V, and several other soldiers were in a tent preparing for their last mission. When appellant left the tent to go to the latrine, SPC V played with appellant's pistol, assembling it, disassembling it, and chambering rounds before putting the pistol back on appellant's bunk shelf. When appellant returned, he joked with SPC V, reached for his pistol, swung it around, and shot SPC V in the head. At the time of appellant's trial, the victim was in a coma in a vegetative state due to a severe loss of brain matter.

This court received the record of trial for review pursuant to Article 66(b), UCMJ, on 29 August 2003. Between September 2003 and March 2004, appellate defense counsel contacted appellant twice while appellant was in confinement to discuss submission of matters under *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). In April 2004, appellant was released from confinement and appellate defense counsel was subsequently unable to contact appellant. On 26 April 2004, appellant died.[2] On 30 June 2004, not knowing of appellant's death, appellate defense counsel submitted appellant's case on its merits to our court. On 30 June 2004, appellate government counsel filed a response. On 9 July 2004, we issued our opinion affirming the findings and approved sentence. *United States v. Robinson*, ARMY 20030456 (Army Ct.Crim.App. 9 July 2004) (unpub.).

Appellate defense counsel learned sometime in July 2004 that appellant had died prior to this court's initial decision. On 17 December 2004, on behalf of the deceased appellant, appellate defense counsel filed a Motion for Reconsideration, Motion to Vacate Final Judgment, and Motion to Abate Proceedings. On 6 January 2005, appellate government counsel filed a response stating that based on the facts of this case, they do not oppose abatement *ab initio*.

## Discussion

■ In accordance with Rule 19 of the Army Court of Criminal Appeals Internal Rules of Practice and Procedure, appellant had thirty days after appellate defense counsel received the court's decision to file with this court a request for reconsideration of our initial decision, provided a petition for grant of review had not been filed with the United States Court of Appeals for the Armed Forces. Alternatively, appellant had sixty days after notification of this court's decision to file a petition for a grant of review with the United States Court of Appeals for the Armed Forces. *See* UCMJ art. 67(b), 10 U.S.C. § 867(b).

Although a motion for reconsideration was not filed within the time period described above, appellant's death tolled the time limit for appellant to request that this court reconsider its 9 July 2004 decision. *United States v. Ribaudo*, 60 M.J. 691, 693 (N.M.Ct.Crim. App.2004) (*en banc*) (citing *United States v. Foster*, 27 M.J. 659, 660 (N.M.C.M.R.1988) (*en banc*)). As appellant died before our initial decision on 9 July 2004, we hold, as our sister court did in *Ribaudo*, that we have jurisdiction to reconsider our decision of 9 July 2004.

■ Courts with discretionary review need not abate an appeal *ab initio* when appellant dies during appeal. In *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976), the Supreme Court dismissed a petition for certiorari, rejecting its

---

view of Federal Criminal Conviction, 80 A.L.R. Fed. 446 (1986) (noting that a defendant's death before the resolution of his appeal before the courts of appeals denies him a fundamental right guaranteed by the criminal process).

**2.** Appellant was administratively discharged on 14 April 2004. Administrative discharge does not divest this court of jurisdiction. " 'Once jurisdiction attaches, it continues until the appel-

late processes are complete.' " *United States v. Jackson*, 3 M.J. 153, 153–54 (C.M.A.1977) (citations omitted); *see also United States v. Montesinos*, 28 M.J. 38, 46 (C.M.A.1989) (noting that administrative separation after an accused had been convicted by a court-martial does not vacate the conviction or terminate appellate review).

earlier policy of abatement *ab initio* when the appellant dies during appeal. The United States Court of Appeals for the Armed Forces recently adopted the Supreme Court's rationale in *Dove* and overruled its own policy of abatement *ab initio*. *Rorie,* 58 M.J. at 407. Suggesting that service courts set their own abatement policy, our superior court stated:

> When an appellant dies pending an Article 67(a)(3) appellate review by this Court, we will dismiss or deny the petition but will not abate the action *ab initio*. *Berry* [*v. The Judges of the United States Army Court of Military Review,* 37 M.J. 158, 159–60 (C.M.A.1993)] and [*United States v.*] *Kuskie* [11 M.J. 253, 254–55 (C.M.A. 1981)] are hereby overruled to the extent that they are inconsistent with this decision. In view of our conclusion that an appeal to the Courts of Criminal Appeals is an appeal of right, we leave to those courts or the Judge Advocates General to establish the parameters of a policy of abatement in the event that an appellant dies pending review at a Court of Criminal Appeals.

*Id.* (internal footnote omitted).

One year after the *Rorie* decision, our sister court announced its policy, stating that "since appeal to our court is a matter of right for those cases that meet the criteria under Article 66, UCMJ, 10 U.S.C. § 866, we will follow the unanimous policy of the Federal Circuit Courts of Appeal to abate *ab initio* the conviction of an appellant who dies on or before the date of our decision." *Ribaudo,* 60 M.J. at 694 (internal footnote omitted).

In the wake of *Rorie,* we will follow the lead of our sister court in *Ribaudo* and reaffirm our longstanding policy of abatement *ab initio* when an appellant dies before the mandatory appeal to this court has been completed. *See United States v. Marcott,* 8 M.J. 531, 532 (A.C.M.R.1979) (concluding that proceeding must be abated *ab initio* as Article 66 appeal is one of right and not discretionary).

Therefore, the motion for reconsideration is granted. Our 9 July 2004 decision is vacated and the proceedings are abated *ab initio*. The findings of guilty and the sen-

tence are set aside and the charges are dismissed. All rights, privileges, and property of which appellant was deprived by virtue of the findings of guilty and the sentence will be restored. *See* UCMJ arts. 58b(c) and 75(a), 10 U.S.C. §§ 858b(c) and 875(a).

Senior Judge CHAPMAN and Senior Judge HARVEY concur.