IN THE UNITED STATES COAST GUARD
COURT OF CRIMINAL APPEALS

UNITED STATES,
        Appellee

v.

Brandon L. HUBBERT,
Seaman (E-3),
U.S. Coast Guard,
        Appellant

25 August 2005

COUNSEL FOR APPELLANT'S MOTION
FOR ABATEMENT OF PROCEEDINGS
AND MOTION TO ATTACH
DOCUMENT FILED WITH THIS COURT
ON 16 AUGUST 2005

CGCMS 24312

DOCKET NO. 1240

ORDER – PANEL ONE

BAUM, Chief Judge:

Pursuant to Article 66(b), Uniform Code of Military Justice, the record of trial in this case was forwarded to this Court for review on 23 June 2005 and no assignments of errors or briefs have been filed. However, Appellant's counsel has moved for this Court to abate the proceedings in this case *ab initio* based on the death of Appellant by his own hand, as reflected in Appendix A, which counsel has moved to attach. Appendix A is an email to Counsel for Appellant forwarding a Personnel Casualty Report message, date-time group 151844Z AUG 05 from COMCOGARD SECTOR SAULT STE MARIE MI, indicating that Appellant, while on active duty appellate leave, was pronounced dead on 15 August 2005, as a result of a self-inflicted gunshot wound. On consideration of counsel's Motion for Abatement of Proceedings and Motion to Attach Document, filed under the Court's Rules of Practice and Procedure, with no opposition from the Government, it is, by the Court, this 25th day of August, 2005,

        ORDERED:

That the Motion to Attach Appendix A be, and the same is hereby, granted. In

accordance with *United States v. McKenzie*, 23 M.J. 797 (C.G.C.M.R. 1987), which relied on

*United States v. Roettger*, 17 M.J. 453 (C.M.A. 1984), *United States v. Kuskie*, 11 M.J. 253

(C.M.A. 1981), and *United States v. Beck*, 38 C.M.R. 765 (N.B.R. 1968), Counsel's Motion for

Abatement of Proceedings *ab initio* is, hereby granted, on the basis of Appellant's death on 15

August 2005.

Our higher Court in *United States v. Rorie*, 58 M.J. 399 (C.A.A.F. 2003) overturned

*United States v. Kuskie*, 11 M.J. 253 (C.M.A. 1981), one of the cases relied on in *McKenzie*, but

only as it applied the abatement *ab initio* concept at the Court of Appeals for the Armed Forces

level. *Rorie* held:

> When an appellant dies pending an Article 67(a)(3) appellate
> review by this Court [of Appeals for the Armed Forces], we will
> dismiss or deny the petition [for such review] but will not abate the
> action *ab initio*. *Berry* [v. *The Judges of the United States Army
> Court of Military Review*, 37 M.J. 158 (C.M.A. 1993)] and *Kuskie*
> are hereby overruled to the extent that they are inconsistent with
> this decision. In view of our conclusion that an appeal to the
> Courts of Criminal Appeals is an appeal of right, we leave to those
> courts or the Judge Advocates General to establish the parameters
> of a policy of abatement in the event that an appellant dies pending
> review at a Court of Criminal Appeals.

*Rorie*, 58 M.J. at 407. Mindful of the decision in *United States v. Rorie*, we have determined to

adhere to our earlier holding in *United States v. McKenzie*, 23 M.J. 797 (C.G.C.M.R. 1987),

abating proceedings *ab initio*, thereby, establishing in this manner the parameters of a policy of

abatement in the event that an appellant dies pending review at this Court.

The findings and sentence are set aside and the charges are dismissed. All rights,

privileges and property of which Appellant has been deprived by virtue of the findings of guilty

and sentence that have been set aside are hereby restored. The record is returned to the Judge Advocate General for action in accordance with this order.

Judges KANTOR and FELICETTI concur.



For the Court,

Roy Shannon Jr.
Clerk of the Court

Copy:  Office of Military Justice
       Appellate Government Counsel
       Appellate Defense Counsel