ON PETITION FOR RECONSIDERATION OF SUMMARY DISPOSITION

Chief Judge CRAWFORD
delivered the opinion of the Court.
Appellant was convicted by a general court-martial on May 27, 1998, of conspiracy to commit robbery, resisting apprehension, wrongful possession of marihuana, and robbery of a fellow Marine, in violation of Articles 81, 95, 112a, and 122, Uniform Code of Military Justice (UCMJ), 10 USC §§ 881, 895, 912a, and 922, respectively. The military judge sentenced him to a dishonorable discharge, 5 years’ confinement, and total forfeitures. Following affirmance of appellant’s convictions and sentence by the Navy-Marine Corps Court of Criminal Appeals, we granted appellant’s petition for review on July 10, 2000.*
On September 15, 2000, we affirmed the decision of the lower court in light of this Court’s decision in United States v. Pritt, 54 *391 MJ 47 (2000). See 54 MJ 326. At 1:55 a.m. on September 22, 2000, appellant died in St. Louis, apparently the victim of a homicide. On September 26, 2000, appellate defense counsel filed a petition for reconsideration and abatement of the proceedings in light of appellant’s death.
The issue of how to handle the appeal of a criminal appellant who dies during the pendency of that appeal is not without controversy. See Dove v. United, States, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976); Durham v. United States, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971); Berry v. Judges of the United States Army Court of Military Review, 37 MJ 158 (CMA 1993); United States v. Kuskie, 11 MJ 253 (CMA 1981).
This is a case of first impression for this Court. In Kuskie, the appellant died while his petition for review of his conviction was pending before this Court. In Berry, the appellant died before time had expired for him to file a petition for review before our Court. Here, appellant sought and was accoi'ded review of his case. On September 15, 2000, we decided his case.
In Durham, the petitioner died while his petition for certiorari was pending before the Supreme Court. A majority of the Court adopted the rule that a petitioner’s death, while pending direct review of a criminal conviction, abates all proceedings ab initio. Accordingly, the Court granted the petition for certiorari, vacated the judgement of the Court of Appeals, and directed the District Court to dismiss the indictment. 401 U.S. at 483, 91 S.Ct. 858. Justice Marshall, with whom the Chief Justice and Justice Stewart joined, opined that the petition should have been dismissed as moot. Id. Justice Black-mun dissented, stating that he would dismiss the petition for certiorari, rather than direct the dismissal of the indictment, because “the dismissal of the indictment wipes the slate entirely clean of a federal conviction which was unsuccessfully appealed throughout the entire appeal process to which the petitioner was entitled as of right.” Id. at 484-85, 91 S.Ct. 858. In Dove, the Supreme Court was faced with the same situation as in Durham. However, this time the Court dismissed the petition for certiorari, left the underlying conviction undisturbed, and expressly overruled that part of Durham which was inconsistent with such a ruling. 423 U.S. at 325, 96 S.Ct. 579.
One primary consideration underlies the rule of abatement: “[T]he interests of justice ordinarily require that [a defendant] not stand convicted without resolution of the merits of an appeal.” United States v. Pogue, 19 F.3d 663, 665 (D.C.Cir.1994); see United States v. Wright, 160 F.3d 905 (2d Cir.1998).
In his petition to reconsider and abate the proceedings, appellant’s defense counsel has not demonstrated to the satisfaction of this Court how our decision affirming appellant’s conviction in light of Pritt overlooks or otherwise fails properly to apply the facts or law critical to the original decision. See United States v. Quillen, 28 MJ 166 (CMA 1989). The petition for reconsideration seeks abatement ab initio due only to death.
In both Kuskie and Berry, the majority abated the proceedings ab initio on the possibility that the appellant would have been afforded review. In this case, we know for a fact that review was granted and, after full review, relief was denied. Accordingly, the interests of justice have been met through the resolution of appellant’s appeal by the highest court, and first civilian court, in the military justice system.
The petition for reconsideration and abatement of the proceedings filed on appellant’s behalf is denied.

 The granted issue was:
WHETHER THE COURT OF CRIMINAL APPEALS ERRED IN FINDING THAT THE EFFECTIVE DATE OF THE AMENDMENT TO ARTICLE 95, UCMJ, WAS FEBRUARY 10, 1996, WHEN THE PRESIDENT'S EXPRESS DIRECTION IN EXECUTIVE ORDER NO. 13096, WHICH MADE THE OFFENSE OF FLEEING APPREHENSION PUNISHABLE, SPECIFICALLY STATES THAT "NOTHING CONTAINED IN THESE AMENDMENTS SHALL BE CONSTRUED TO MAKE PUNISHABLE ANY ACT DONE OR OMITTED PRIOR TO JUNE 26, 1998, WHICH WAS NOT PUNISHABLE WHEN DONE OR OMITTED.”