UNITED STATES, Appellee

v.

Brandon T. RIBAUDO, Private
U.S. Marine Corps, Appellant

No. 05-0117

Crim. App. No. 200301672

United States Court of Appeals for the Armed Forces

Argued October 20, 2005

Decided January 24, 2006

ERDMANN, J., delivered the opinion of the court, in which
GIERKE, C.J., and CRAWFORD, EFFRON, and BAKER, JJ., joined.

Counsel

For Appellant:  Lieutenant Anthony S. Yim, JAGC, USNR (argued).

For Appellee:  Lieutenant Kathleen A. Helmann, JAGC, USNR
(argued); Colonel Ralph F. Miller, USMC (on brief), Lieutenant
Colonel W. K. Lietzau, USMC, Major Kevin C. Harris, USMC, and
Captain Glen R. Hines, USMC.

Military Judge:  J. P. Colwell


**This opinion is subject to revision before final publication.**

Judge ERDMANN delivered the opinion of the court.

Private (E-1) Brandon T. Ribaudo was tried by special court-martial and entered guilty pleas to unauthorized absence, using marijuana and twice breaking restriction in violation of Articles 86, 112a and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 912a, 934 (2000).  A military judge sentenced Ribaudo to a bad-conduct discharge, confinement for one hundred days and forfeiture of $776.00 pay per month for three months.  Pursuant to a pretrial agreement, the convening authority approved the sentence, but suspended confinement in excess of seventy-five days for a period of twelve months.  The United States Navy-Marine Corps Court of Criminal Appeals affirmed the findings and sentence in a memorandum decision on December 4, 2003.  United States v. Ribaudo, No. NMCCA 200301672 (N-M. Ct. Crim. App.  Dec. 4, 2003).  Sitting en banc, the Navy-Marine Corps court subsequently denied Ribaudo's motion to abate.  United States v. Ribaudo, 60 M.J. 691, 694 (N-M. Ct. Crim. App. 2004).

An appellant is entitled to an appeal of right and his death prior to completion of that appeal generally entitles him to abatement of the proceedings ab initio.  United States v. Rorie, 58 M.J. 399, 400 (C.A.A.F. 2003).  Ribaudo died after the Court of Criminal Appeals rendered its decision under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000), but before the period to

2

request reconsideration of that decision expired. Ribaudo's appellate defense counsel argues that he is entitled to abatement ab initio because his appeal of right was not complete. We hold that once a Court of Criminal Appeals issues its decision under Article 66(c), UCMJ, an appellant has received his appeal of right and is no longer entitled to application of the policy of abatement ab initio.

BACKGROUND

Ribaudo's appellate defense counsel was served with a copy of the Court of Criminal Appeals' decision on the day it was issued, December 4, 2003. Twelve days later, Ribaudo died.

Apparently without knowledge of Ribaudo's death, constructive service of the Court of Criminal Appeals' decision was initiated on January 13, 2004, when a copy of that decision was sent to Ribaudo by certified mail. See Article 67(b)(2), UCMJ, 10 U.S.C. § 867(b)(2) (2000). No petition for grant of review was filed with this court by March 15, 2004, the date upon which Ribaudo's sixty days to petition this court would have expired based upon the constructive service.

A supplementary court-martial order was subsequently issued on April 30, 2004, executing Ribaudo's bad-conduct discharge. At that point, no petition for reconsideration had been filed at the court below, nor had Ribaudo petitioned this court for a

3

United States v. Ribaudo, No. 05-0117/MC

grant of review.  On June 4, 2004, appellate defense counsel

filed a motion before the Court of Criminal Appeals to vacate

the final judgment of the lower court and set aside the findings

and sentence.  Sitting en banc, the Navy-Marine Corps Court of

Criminal Appeals treated the motion to vacate and set aside as a

motion to abate the proceedings ab initio, and denied the

motion.  Ribaudo, 60 M.J. at 693 n.1.  We granted review to

consider the action of the en banc Court of Criminal Appeals in

light of our decision in United States v. Rorie.[1]


                          DISCUSSION

     Ribaudo's appellate defense counsel makes two arguments.

He initially argues that when Ribaudo died, the time for

requesting the Court of Criminal Appeals to reconsider its

decision had not passed and his appeal of right was not

complete.  Thus, consistent with Rorie, the appellate defense

counsel claims Ribaudo's conviction must be abated ab initio.

He next argues in the alternative that Rorie was wrongly decided

because this court's review under Article 67, UCMJ, is not

discretionary and because this court is the only "federal

---

[1] We granted review of the following issue:

     WHETHER APPELLANT WAS DEPRIVED OF A SUBSTANTIAL LEGAL
     AND FACTUAL REVIEW OF HIS CASE WHEN HE DIED AFTER THE
     COURT OF CRIMINAL APPEALS AFFIRMED HIS CONVICTION, BUT
     BEFORE THE TIME PERIOD FOR RECONSIDERATION HAD PASSED,

4

appellate circuit" that does not adhere to a policy of abatement ab initio. Thus Ribaudo's appellate defense counsel suggests that Rorie should be reconsidered, that the policy on abatement at this court should be changed, and that this court should abate Ribaudo's proceedings ab initio.

The Government disputes these assertions. The Government argues that Ribaudo received his appeal of right before the Court of Criminal Appeals and that the subsequent discretionary decision to reconsider in light of Ribaudo's death did not mandate abatement ab initio. The Government disagrees that abatement ab initio is required at this court and argues that Rorie was correctly decided in light of the discretionary nature of this court's review under Article 67(a)(3), UCMJ. We turn first to our decision in Rorie.

In Rorie, we addressed the effect of an appellant's death while his case was pending review before this court. Appellant Rorie died shortly before his sixty days within which to petition this court for a grant of review had expired. After that time expired, Rorie's appellate defense counsel filed a petition for grant of review and a motion to abate the proceedings. This court adopted a policy of not abating proceedings ab initio for cases before the court under Article 67(a)(3), UCMJ. In adopting that policy we considered the same

IN VIOLATION OF THE CONSTITUTION AND UNITED STATES v.

United States v. Ribaudo, No. 05-0117/MC

argument about the nature of this court's petition jurisdiction that Ribaudo's appellate defense counsel makes now. We concluded that this court's statutory jurisdiction under Article 67(a)(3), UCMJ, was unique when compared with that of other federal appellate courts and that our jurisdiction was "more akin" to that exercised by the United States Supreme Court under its certiorari jurisdiction. Rorie, 58 M.J. at 405. Specifically, we stated:

> [T]here can be little doubt that this Court exercises discretionary review with respect to our petition docket. "[T]he question of what cases are heard by the [Court of Appeals for the Armed Forces] is a matter of internal management, properly left to that Court's decision in accordance with guidelines expressed in that Court's rules." S. Rep. No. 98-53, at 34 (1983). The discretionary nature of this Court's petition jurisdiction is more analogous to the Supreme Court's discretionary certiorari practice.

Id. (second set of brackets in original).

We adhere to the conclusion of Rorie. Appeals to the Circuit Courts of Appeal are a matter of right. United States v. Christopher, 273 F.3d 294, 296 (3d Cir. 2001). See 28 U.S.C. §§ 1291-1292 (2000). This court exercises discretion over its petition docket and review under Article 67(a)(3), UCMJ, is discretionary with this court. Ribaudo's appellate defense counsel presents nothing to persuade us that we should abandon

---

RORIE, 58 M.J. 399 (C.A.A.F. 2003).

6

the policy established in Rorie and we decline to do so. However, as we recognized in Rorie, review before the Courts of Criminal Appeals is different.

Review by a Court of Criminal Appeals pursuant to Article 66, UCMJ, is an appeal of right. Rorie, 58 M.J. at 406; see also Article 66(b), UCMJ. Thus, Rorie recognized that different rules may apply with respect to abatement at the Courts of Criminal Appeals. The general rule favors abatement ab initio pending an appeal of right. See United States v. Pogue, 19 F.3d 663, 665 (D.C. Cir. 1994). It is the "longstanding and unanimous view of the lower federal courts that the death of an appellant during the pendency of his appeal of right from a criminal conviction abates the entire course of the proceedings brought against him." United States v. Moehlenkamp, 557 F.2d 126, 128 (7th Cir. 1977). It is not until that appeal of right is complete that we can rest assured the interests of justice have been served. See United States v. Wright, 160 F.3d 905, 908 (2d Cir. 1998).

Rorie did not dictate a rule of abatement ab initio for the Courts of Criminal Appeals because that issue was not before us. Rather, we left "to those courts or the Judge Advocates General to establish the parameters of a policy of abatement in the event that an appellant dies pending review at a Court of Criminal Appeals." Rorie, 58 M.J. at 407. There is nothing

7

United States v. Ribaudo, No. 05-0117/MC

before us to demonstrate that the Judge Advocates General have prescribed a uniform rule of abatement for the Courts of Criminal Appeals.  See Article 66(f), UCMJ.  Thus we turn to the decisions of the Courts of Criminal Appeals dealing with abatement.

In United States v. Hubbert, 61 M.J. 705, 705 (C.G. Ct. Crim. App. 2004), the Coast Guard Court of Criminal Appeals abated the proceedings.  There the appellant had died after the case had been forwarded to that court but before any briefs had been filed.  Id.  In United States v. Robinson, 60 M.J. 923, 925 (A. Ct. Crim. App. 2005), the Army Court of Criminal Appeals abated proceedings.  The Army court initially affirmed the findings and sentence in that case.  Id. at 923.  Robinson's counsel later filed a motion for reconsideration, motion to vacate final judgment, and a motion to abate proceedings because Robinson had died prior to the court's initial decision being rendered.  Id. at 924.  In both of these cases the appellant's death preceded the court's initial decision under Article 66, UCMJ.  In both instances the courts were correct -- death during the pendency of an appeal of right abates the proceedings ab initio.

This case presents us with different facts.  As noted, Ribaudo died after the Court of Criminal Appeals had issued its initial decision affirming the findings and sentence.  A

8

properly constituted Court of Criminal Appeals had reviewed Ribaudo's case and determined that the findings were factually and legally correct and that the sentence was lawful and appropriate. Hence, Article 66(c), UCMJ, had been fulfilled and no further proceedings were required. Ribaudo received the appeal of right to which he was entitled and abatement ab initio was not required.

Ribaudo's appellate counsel argues that a Court of Criminal Appeals' review includes the right to seek reconsideration either by the panel deciding the case or by the court sitting en banc. Ribaudo's appellate counsel is mistaken in his assertion that Ribaudo has a right to reconsideration. Navy-Marine Corps Court of Criminal Appeals Rule 4-8.4 reflects that the decision to reconsider either in panel or en banc is discretionary with the court:

> a. Upon motion or suggestion by a party within 30 calendar days after counsel's receipt of the decision, or upon motion or suggestion by appellant within 30 calendar days after appellant's receipt of the decision, the Court may reconsider a decision previously rendered by it, provided that jurisdiction of the case has not been obtained by the United States Court of Appeals for the Armed Forces. . . .
>
> b. The motion to reconsider may request en banc reconsideration. Cf. Rule 6-1. An appropriate order will be published when a majority of the Court votes to grant en banc consideration or reconsideration.

Emphasis added. This discretionary authority to reconsider a decision does not alter the conclusion that an appellant's appeal of right is complete when the lower court issues its decision.

We are aware that precedent on this matter is not entirely consistent. In United States v. Roettger, 17 M.J. 453 (C.M.A. 1984), this court addressed the power of the lower military courts to abate proceedings during the period when "the appellate court could reconsider its decision on its own motion or at the request of appellate defense counsel." Id. at 457. The court held that "during the period that a petition for reconsideration could be filed" there was "no legal impediment to the lower court's exercising its abatement powers" and that the lower court had "incorrectly denied" a motion for abatement based on Roettger's death seven days after the lower court's decision and before Roettger had petitioned this court. Id. In United States v. Lange, 18 M.J. 162 (C.M.A. 1984), this court affirmed the lower court's authority to abate where "the period for reconsideration of this decision by the lower court on its own motion had not yet expired." Id. at 163.

In contrast, in United States v. Ward, 54 M.J. 390 (C.A.A.F. 2001), the appellant died one week after this court affirmed the decision of the lower court. Id. at 390-91. Appellant then filed a petition for reconsideration which sought

10

United States v. Ribaudo, No. 05-0117/MC

"abatement ab initio due only to death."  Id. at 391.  Although

noting that the issue of abatement ab initio was not without

dispute, this court denied the petition for reconsideration

finding that Ward had been accorded "full review" and that "the

interests of justice [had] been met."  Id.  While Rorie changed

the policy on abatement ab initio before this court, we find

that the rationale of Ward remains applicable to the instant

case.

This opinion should not be viewed as infringing on the

Court of Criminal Appeals' discretion to entertain a timely and

meritorious motion for reconsideration or for a hearing en banc.

In the event that the Court of Criminal Appeals grants

reconsideration and withdraws its initial decision or opinion,

an appellant's appeal of right cannot be said to be complete

until a new decision or opinion is issued.  Similarly, where the

Court of Criminal Appeals decides to consider a case en banc,

Article 66, UCMJ, review cannot be considered complete until the

decision of the court en banc is issued.[2]

We therefore see no basis in law to alter the policy

determination of the Navy-Marine Corps Court of Criminal Appeals

---

[2] Should an appellant die prior to an opinion on reconsideration
or en banc, that appellant would have died prior to completion
of his appeal of right and therefore be entitled to abatement ab
initio.  However, should the Court of Criminal Appeals deny a
motion for reconsideration or a hearing en banc, the initial
decision or opinion of the court remains valid for purposes of
abatement ab initio.

that an appellant who dies after a decision under Article 66(c), UCMJ, has been issued is not entitled to abatement of the proceedings against him ab initio.  To the extent that our decisions in Roettger and Lange are inconsistent with this decision, those cases are overruled.


CONCLUSION

We hold that the Navy-Marine Corps Court of Criminal Appeals did not deprive Ribaudo of any substantive legal or factual review of his findings or sentence by declining to abate the proceedings ab initio based upon Ribaudo's death after that court had issued its decision in the case.  The lower court properly exercised the authority we left to that court in Rorie, establishing a policy on abatement for cases before that court. In light of the fact that the Judge Advocates General have not acted to establish a uniform rule for the Courts of Criminal Appeals, and to ensure consistency among the service Courts of Criminal Appeals, we extend the decision of the Navy-Marine Corps Court of Criminal Appeals as the rule for each service court.  Where an appellant dies after a Court of Criminal Appeals' decision affirming the findings and sentence under

United States v. Ribaudo, No. 05-0117/MC

Article 66(c), UCMJ, the appellant is not entitled to abatement ab initio.[3]

### DECISION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

---

[3] This rule will not apply to any case reviewed by a service court where the decision of that court may require further review under Article 66, UCMJ.  In such instances, the appeal of right is not complete and the policy favoring abatement ab initio remains intact.  Nor does this rule reflect a policy decision for cases coming to this court for review pursuant to Article 67(a)(1) or (2), UCMJ.  See United States v. Rorie, 58 M.J. 399, 407 n.7 (C.A.A.F. 2003).