# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Captain RYAN K. TOMLINSON**
**United States Army, Appellant**

ARMY 20110034

Headquarters, 8th Army
T. Mark Kulish, Military Judge
Colonel Jeffrey C. McKitrick, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Major Jacob D. Bashore, JA; Captain Kristin McGrory, JA (on motion to stay the proceedings; motion for sanity board); Colonel Patricia A. Ham, JA; Major Jacob D. Bashore, JA; Captain Kristin McGrory, JA (on motion for consideration of order denying appellant's request for a sanity board; motion to stay the proceedings; motion for sanity board; to stay the proceedings; motion for sanity board); Major Jacob D. Bashore, JA; Captain Kristin McGrory, JA (on motion to abate proceedings; motion to stay proceedings; motion for sanity board); Colonel Patricia A. Ham, JA; Major Jacob D. Bashore, JA; Captain Kristin McGrory, JA (on motion to abate proceedings); Colonel Patricia A. Ham, JA; Major Jacob D. Bashore, JA; Captain Brian J. Sullivan, JA (on motion for reconsideration of order denying motion to abate proceedings); Colonel Kevin Boyle, JA; Major Vincent T. Shuler, JA; Captain Brian J. Sullivan, JA (on motion for reconsideration of order denying motion to abate proceedings; motion for reconsideration of order denying motion for R.C.M. 706 board for the time of the alleged offenses).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Julie A. Glascott, JA; Captain Daniel H. Karna, JA (on reply in opposition to defense motion to stay the proceedings; motion for sanity board); Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on reply to defense motion for reconsideration of order denying appellant's request for sanity board); Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on reply to defense motion to abate proceedings; motion to stay proceedings; motion for sanity board); Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on reply to defense motion for reconsideration of order denying motion to abate proceedings); Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on response to this court's order dated 15 January 2013); Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on reply to defense motion for reconsideration of order denying motion

to abate proceedings and defense motion for reconsideration of order denying motion for R.C.M. 706 board for the time of the alleged offenses).

13 December 2013

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

COOK, Senior Judge:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of failure to report (eight specifications), disrespect towards a superior commissioned officer (twelve specifications), willful disobedience of a lawful order (four specifications), dereliction of duty (one specification), and making a false official statement (one specification), in violation of Articles 86, 89, 90, 92, and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 889, 890, 892, 907 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a dismissal from the service. The convening authority approved the sentence as adjudged.

Today, for the reasons below, we abate the proceedings *ab initio*.

**PROCEDURAL BACKGROUND**

The case before us has a lengthy and complex procedural background that is best described in detail.

On 5 June 2012, appellate defense counsel submitted a motion on behalf of appellant requesting this court order a sanity board to determine appellant's ability to assist in the preparation of his appellate case and whether appellant lacked mental responsibility at the time the offenses were committed. Appellate defense counsel further requested this court issue a stay pending the outcome of the sanity board.

On 12 June 2012, appellate government counsel filed a reply opposing appellant's motion.

On 13 July 2012, this court ordered appellate government counsel, in accordance with *United States v. Massey*, 27 M.J. 371, 373-74 (C.M.A. 1989) and Rule for Courts-Martial [hereinafter R.C.M.] 1203(c)(5), to arrange with a proper authority to initiate proceedings to determine appellant's mental capacity to currently understand and cooperate in his pending appellate proceedings, but otherwise denied appellate defense counsel's motion.

The special medical board appointed in accordance with R.C.M. 706 convened on 21 September 2012 and determined appellant was currently suffering from a severe mental disease or defect, and due to this mental disease or defect, was unable to understand the nature of the appellate proceedings or unable to cooperate intelligently in his pending appeal.

On 16 October 2012, appellate defense counsel submitted a motion on behalf of appellant requesting this court to: stay the proceedings; abate the proceedings; and order a sanity board to determine if appellant lacked mental responsibility *at the time of the alleged offenses*.

On 17 October 2012, appellate government counsel replied, concurring with appellate defense counsel that the proceedings should be stayed until such time as appellant was able to understand and cooperate in appellate proceedings, but otherwise opposing appellant's motion.

On 15 January 2013, this court granted appellate defense counsel's request to stay the proceedings. In addition, we ordered government appellate counsel, in accordance with *Massey*, 27 M.J. at 373-74 and R.C.M. 1203(c)(5), to arrange with proper authority to initiate proceedings to determine appellant's mental capacity to currently understand and cooperate in his pending appeal. Specifically, the special medical board appointed as a result of this order was to be composed of at least three individuals, at least one of whom would be a psychiatrist, with the remaining members being physicians and/or clinical psychologists.

Further, this court directed that the board would be initiated no later than 15 January 2014, and that the board would make specific findings with respect to various dimensions of appellant's mental health and his ability—currently or with further treatment—to participate in appellate proceedings. This court directed appellate government counsel to provide a written statement containing the board's ultimate conclusions to the specific questions posed by this court no later than 15 April 2014.

On 15 January 2013, appellate defense counsel filed an additional motion to abate proceedings, and also moved to attach Defense Appellate Exhibit D, a statement from a psychiatrist, Lieutenant Colonel (LTC) David Johnson, who was a part of appellant's 21 September 2012 sanity board, and who evaluated appellant and reviewed various documents pertaining to appellant's court-martial and medical history. Lieutenant Colonel Johnson concluded that appellant currently suffered from a severe mental disease or defect—namely Schizoaffective Disorder, Bipolar Type—that prevented him from understanding or participating in his pending appeal. Additionally, LTC Johnson opined that "it is my medical opinion that, despite his psychiatric and medical evaluations prior to trial, [appellant] possibly suffered from a severe mental disease or defect such that he was unable to understand the nature

3

and wrongfulness of his actions." Lieutenant Colonel Johnson also stated that it was "possible that [appellant] was unable to comprehend the nature of the proceedings at the time of trial."

On 22 January 2013, this court denied appellate defense counsel's motion to abate the proceedings and to attach LTC Johnson's statement as a defense appellate exhibit.

On 22 February 2013, new appellate defense counsel filed a motion for reconsideration of this court's 22 January 2013 order denying its motion to abate the proceedings, along with another motion to attach various statements of mental healthcare providers expressing opinions and conclusions about appellant's condition and prognosis, as well as other concerns. On 13 March 2013, this court denied appellate defense counsel's motion to abate the proceedings, but granted the motion to attach the statements as Defense Appellate Exhibits D-F.

On 22 October 2013, appellate government counsel responded to this court's 15 January 2013 order, and submitted the medical board's ultimate conclusions to the specified questions contained in that order. Among its conclusions, the board found that:

a. appellant suffers from Schizophrenia, Paranoid type;

b. appellant currently suffers from a severe mental disease or defect;

c. appellant is currently unable to understand the nature of the appellate proceedings and/or is unable to cooperate in his pending appeal as a result of a severe mental disease or defect; and

d. in the absence of changes to appellant's current treatment, his present condition is likely to be his best functioning, and improvements in appellant's current mental capacity—through medication or otherwise—were unlikely but not impossible.

On 28 October 2013, appellate defense counsel filed a motion for reconsideration of this court's order denying its motion to abate proceedings. Defense appellate counsel alternatively requested an R.C.M. 706 board evaluate appellant's mental state at the time of the offenses. Appellate defense counsel argued that based on the unanimous results of the R.C.M. 706 boards ordered by this court—each concluding appellant suffers from a severe disease or defect—as well as "definitive[]" statements from his daily mental health providers that appellant will "not improve and never be able to meaningfully participate in his appeal," this court should abate the current proceedings. Appellate defense counsel further argued that

in the absence of the requested relief, "appellant faces the prospect of having his case languish in an indefinite stay status with no prospective resolution."

On 1 November 2013, government appellate counsel responded, requesting this court grant a "continuation or stay in the proceedings until such time that appellant can be evaluated by a Medical Evaluation Board and Physical Evaluation Board under the Army Physical Disability Evaluation System." The government elaborated that, "In the event that appellant is recommended for medical separation from the Army . . . based on his current mental condition, the government would then move this court to dismiss the charges against appellant or abate the proceedings *ab initio* at the time of his medical retirement or separation."

On 20 November 2013, we held a status conference with government and defense appellate counsel to discuss the posture of the case in light of the most recent sanity board findings and subsequent pleadings of the parties. Defense appellate counsel reiterated their position that the appellate proceedings should be abated *ab initio* and this court should set aside the findings of guilty and the sentence. Government appellate counsel maintained their position as well, and provided additional details about the current status of appellant's physical and mental evaluations. Government counsel acknowledged that the evaluations were near their completion, and that appellant was well along the path towards medical separation, and therefore it was not opposed to the court's abatement *ab initio* of the proceedings.

## LAW

Following a conviction at court-martial, "an appeal to the Courts of Criminal Appeals is an appeal of right." *United States v. Rorie*, 58 M.J. 399, 407 (C.A.A.F. 2003). *See also* UCMJ art. 66(b). On occasion, military appellate courts have been confronted with the scenario in which an appellant passes away following conviction at trial, but while the appellate process is still unfolding. When an appellant dies prior to completion of his appeal, he is generally entitled to an abatement of the proceedings *ab initio*. *United States v. Ribaudo*, 62 M.J. 286, 287 (C.A.A.F. 2006) (citing *Rorie*, 58 M.J. at 400). In *Ribaudo*, the Court of Appeals for the Armed Forces held that once "a Court of Criminal Appeals issues its decision under Article 66(c), UCMJ, an appellant has received his appeal of right and is no longer entitled to application of the policy of abatement ab initio." 62 M.J. at 287.

In addition to those unfortunate cases in which an individual died before the completion of his Article 66(b), UCMJ, appeal of right, this court has recently addressed a situation more analogous to appellant's case. In *United States v. Burleson*, we abated a pending appeal *ab initio* after Specialist Burleson suffered a massive brain stem stroke, rendering him quadriplegic and unable to communicate or

effectively participate in his appeal. ARMY 20020262, (Army Ct. Crim. App. 17 Feb 2011) (mem. op.). Specifically, this court concluded:

> Appellant's profound impairments, documented in full by multiple medical assessments, as well as two experienced appellate defense counsel who personally met with appellant, foreclose the possibility of appellant ever being able to "consult with his lawyer with a reasonable degree of rational understanding," and thus, preclude a meaningful appeal before this court.

*Id.* slip op. at 10 (citations omitted).

Furthermore, with respect to the mental faculties of an appellant with a pending appeal of right before this court, R.C.M. 1203(c)(5) provides that if there is "substantial evidence" that an appellant lacks "the capacity to understand and conduct or cooperate intelligently in the appellate proceedings," we "may not affirm the proceedings." Rather, "If the accused does not have the requisite mental capacity, the appellate authority shall stay the proceedings until the accused regains appropriate capacity, or take other appropriate action." R.C.M. 1203(c)(5).

## DISCUSSION

Here, the unique facts and procedural posture of appellant's case leave us with little practical choice but to abate the proceedings. Currently, appellant does not possess the requisite mental capacity called for by R.C.M. 1203(c)(5). His severe mental health impairments, which have persisted for well over a year—if not much longer—preclude him from understanding, or meaningfully participating and cooperating in his appeal.[*] Further, the prognoses from various highly qualified treating mental health professionals suggest there is slim, if any, hope of appellant recovering or regaining the requisite mental capacity in the foreseeable future such that this appeal could move forward with his active involvement and understanding.

Additionally, it appears appellant is now eligible to be medically separated from the Army based on the same debilitating mental health conditions that have precluded this court from proceeding with our review of his case pursuant to Article 66(c), UCMJ. Both defense and government appellate counsel are amenable to this way ahead. However, the government has acknowledged that in order for appellant

---

[*] We will not speculate as to appellant's mental health at the time of his offenses or trial. Our decision to abate the proceedings is based exclusively on appellant's current and prospective mental health condition, and the unlikelihood that his appeal of right before this Court can be effectively completed.

to proceed any further in the medical separation process, he must not be pending any further action pursuant to the UCMJ. While we recognize this could seemingly place this court in a "chicken-or-the-egg" conundrum, the government has agreed that based on the unique circumstances of appellant's case, abatement *ab initio* is now the appropriate course of action for this court.

## CONCLUSION

We conclude there is little possibility of appellant being able to "consult with his lawyer with a reasonable degree of rational understanding," thus, precluding a meaningful appeal before this court. *See generally United States v. Barreto,* 57 M.J. 127, 130 (C.A.A.F. 2002) (quoting *United States v. Proctor*, 37 M.J. 330, 336 (C.M.A. 1993)).

The proceedings are abated *ab initio*. The findings of guilty and the sentence are set aside, and the charges are DISMISSED. All rights, privileges, and property of which appellant was deprived by virtue of the findings of guilty and the sentence will be restored. *See* UCMJ arts. 58b(c) and 75(a), 10 U.S.C. §§ 858b(c) and 875(a).

Judge CAMPANELLA and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

7