# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 26038** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **SKYE D. COX** | ) | |
| **Master Sergeant (E-7)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

On 10 October 2025, a special court-martial composed of officer members convicted Appellant, contrary to her pleas, of one specification of wrongful use of a Scheduled I controlled substance in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. She was then sentenced by the military judge to hard labor without confinement for 75 days, restriction to the limits of Ramstein Air Base for 60 days, reduction to the paygrade of E-4, and a reprimand. Also on 10 October 2025, Appellant signed an Air Force (AF) Form 304, *Request for Appellate Defense Counsel*, requesting representation by an appellate defense counsel. On 4 November 2025, the convening authority took no action on the findings and the sentence. On 12 November 2025, the military judge signed the entry of judgment. On 27 January 2026, Appellant received the Government's notice of her right to appeal before this court pursuant to Article 66(b)(1)(A), UCMJ, 10 U.S.C. § 866(b)(1)(A). Appellant died on 22 March 2026.

On 20 April 2026, this court received a notice of direct appeal from counsel for Appellant in the above-styled case, pursuant to Article 66(b)(1)(A), UCMJ. Counsel stated this notice of appeal was filed on Appellant's behalf, who died on 22 March 2026. We docketed the case on 23 April 2026. In our notice of docketing, the court deferred decision as to timeliness of Appellant's appeal awaiting the record of trial and whether this court has jurisdiction to hear this appeal under Article 66, UCMJ, given that Appellant died before the notice of direct appeal was filed with this court. The court received the record of trial on 6 May 2026, and based on the procedural background of this matter, we accept Appellant's notice of direct appeal as timely.

On 18 May 2026, counsel for Appellant (both trial defense counsel and appellate defense counsel), acting as officers of the court on behalf of Appellant moved this court to abate the proceedings *ab initio* based on Appellant's death. In support of the motion, counsel move to attach a death certificate via DD

Form 2064, *Certificate of Death*, dated 24 April 2026. On 26 May 2026, the Government opposed the motion because (1) Appellant died before the appeal was filed; (2) counsel for Appellant filed the motion on Appellant's behalf thus this court lacks jurisdiction; and (3) the doctrine of abatement *ab initio* is discretionary and this court should not extend its application to the circumstances of the present case.

While we have found no case with the identical procedural history as in the case at bar, we have found solid support for abatement *ab initio*. In *United States v. Ribaudo*, our superior court held that review by a Court of Criminal Appeals (CCA) pursuant to Article 66, UCMJ, is an appeal of right and the death of an appellant during the pendency of an appeal of right abates all proceedings against the appellant *ab initio*. 62 M.J. 286, 289 (C.A.A.F. 2006). In *United States v. Rorie*, our superior court made clear that an appeal to a CCA is an appeal of right and the CAAF left it to the CCAs and the Judge Advocates General "to establish the parameters of a policy of abatement in the event an Appellant dies pending review." 58 M.J. 399, 407 (C.A.A.F. 2003). At this time, the Judge Advocates General have not prescribed a uniform rule of abatement for the CCAs. While there is a colorable argument that Appellant in this case died prior to the pendency of her appeal because she died before her counsel filed for direct appeal to this court on her behalf, we find she retained her appeal of right.

Appellant was sentenced and requested appellate defense counsel via AF Form 304 on 10 October 2025. On 4 November 2025, the convening authority signed the Decision on Action Memorandum. The entry of judgment was accomplished on 12 November 2025. On 27 January 2026, Appellant received notice of her right to direct appeal; she then died on 22 March 2026. We have every indication from this timeline that before she died, she intended to exercise her right to appeal. We have no evidence to the contrary. Moreover, this court granted a motion to abate proceedings *ab initio* in *United States v. Larson*, where Appellant was sentenced to a discharge on 18 January 2020, died on 19 January 2020, and his defense counsel did not move on his behalf to abate the proceedings until 11 May 2020. No. ACM 39893, 2020 CCA LEXIS 496 (A.F. Ct. Crim. App. 15 May 2020) (order). In that case, the Government did not oppose the motion, but we find the similarities of *Larson* and the case at bar persuasive in our decision to abate proceedings *ab initio*. *See also United States v. Oberlin*, 718 F. 2d 894, 896 (9th Cir. 1983) (concluding that while Oberlin died post-conviction, but before sentencing, the court saw "no reason to treat a criminal defendant who dies before judgment is entered any differently from one who dies after notice of appeal has been filed. In either case, he is denied the resolution of the merits of the case on appeal").

Accordingly, it is by the court on this 5th day of June, 2026,

**ORDERED:**

The Motion to Abate Proceedings *Ab Initio* and Motion to Attach, dated 18 May 2026, are **GRANTED**.

The findings of guilty and the sentence are **SET ASIDE**. The Charge and its Specification are **DISMISSED**; and all rights, privileges, and property of which Appellant has been deprived by virtue of the findings of guilty and the sentence are hereby restored. The record of trial is returned to the Judge Advocate General.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court